IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE №: 8:23-cv-00671-TPB-CPT

HELENA GERMAIN,
individually and on behalf of all
others similarly situated,

**Class Representation.**

Plaintiff,

**Jury Trial Demanded.**

v.

MARIO'S AIR CONDITIONING AND
HEATING, INC., SEHS HVAC MARIO'S LLC,
AND WHITWILD MANAGEMENT, LLC,

Defendants.
_____/

## **FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff HELENA GERMAIN brings this class action against Defendant MARIO'S AIR CONDITIONING AND HEATING, INC. ("Mario's"), SEHS HVAC MARIO'S LLC ("SEHS"), and WHITWILD MANAGEMENT, LLC ("Whitwild") (or jointly as "Defendants") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

1

## NATURE OF THE ACTION

1. This is a class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"), section 501.059, Florida Statutes, as amended by Senate Bill No. 1120.[1]

2. To solicit the sale of a consumer good or service; obtain information that would or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes; and to promote its consumer goods and services, Defendants engage in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

3. Defendants' telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

4. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of himself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Florida.

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by section 501.059(1)(a), Florida Statutes, in that he was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7. Mario's is, and at all times relevant hereto was, a domestic corporation and a "telephone solicitor" as defined by section 501.059(f), Florida Statutes. Mario's is a corporate citizen of the State of Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

8. SEHS is, and at all times relevant hereto was, a domestic corporation and a "telephone solicitor" as defined by section 501.059(f), Florida Statutes. SEHS is a corporate citizen of the State of Florida and located in Hudson, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

9. Whitwild is, and at all times relevant hereto was, a domestic corporation and a "telephone solicitor" as defined by section 501.059(f), Florida Statutes. Whitwild is a corporate citizen of the State of Florida and

located in St. Petersburg, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

10. Plaintiff is informed and believes that at all relevent times, SEHS and Whitwild had authorization to use Mario's name in its solicitations and promotions including but not limited to the text messages sent to Plaintiff that were at issue in this case.

## **JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the case arises under a federal statute, the TCPA.

12. Defendants are subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendants made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff received such calls while residing in and physically present in Florida.

13. Venue for this action is proper in this Court pursuant to section 47.051, Florida Statutes, because Defendants (1) are companies doing business in this state; and (2) have their principal places of business in Florida.

## FACTS

14. Plaintiff's phone number has been on the national do-not-call registry since January 4, 2014 and is used for residential purposes.

15. Defendants are required to check the national do-not-call registry before making any solicitation phone calls.

16. Commencing on or about September 28, 2022, Defendants sent the following telephonic sales call to Plaintiff's cellular telephone number:



17. As demonstrated by the above screenshot, the purpose of Defendants' telephonic sales calls was to solicit the sale of consumer goods and/or services and for the purpose of obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes.

18. Upon information and belief, Defendants caused similar telephonic sales calls to be sent to individuals residing in Florida.

19. Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

20. To transmit the above telephonic sales calls, Defendants utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

21. Plaintiff never provided Defendants with express written consent authorizing Defendants to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

22. Defendants' telephonic sales calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance.

# CLASS ALLEGATIONS

## PROPOSED CLASSES

23. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Classes" that Plaintiff seeks to represent is defined as:

### The FTSA Class

**All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.**

### Federal TCPA DNC Class

**All persons within the United States who received two phone calls within a 12-month period from Defendants to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendants first call, within the four years prior to the filing of this Complaint.**

24. Defendants, their employees or agents, and persons who provided prior express written consent to Defendants to receive telephonic sales calls are excluded from the Classes. Plaintiff does not know the exact number of members in the Classes but believes the Classes members number in the several thousands, if not more.

## NUMEROSITY

25. Upon information and belief, Defendants have placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

**COMMON QUESTIONS OF LAW AND FACT**

27. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendants initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendants can meet their burden of showing that they had prior express written consent to make such calls; and [3] Whether Defendants are liable for damages, and the amount of such damages.

28. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely transmit telephonic sales calls without prior express written consent is accurate,

Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

29. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

30. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

31. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford

individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF SECTION 501.059, FLORIDA STATUTES
## (On Behalf of Plaintiff and the Class)

33. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." § 501.059(8)(a), Fla. Stat.

35. A "telephonic sales call" is defined as a "telephone call, **text message**, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." § 501.059(1)(i), Fla. Stat. (emphasis added).

36. "Prior express written consent" means an agreement in writing that:

> 1. Bears the signature of the called party;
>
> 2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;
>
> 3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and
>
> 4. Includes a clear and conspicuous disclosure informing the called party that:
>
>> a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

11

> b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

§ 501.059(1)(g), Fla. Stat.

37. Defendants failed to secure prior express written consent from Plaintiff and the Class members.

38. In violation of the FTSA, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

39. Defendants made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

40. As a result of Defendants' conduct, and pursuant to section 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

41. Defendants have willfully or knowingly violated section 501.059, Florida Statutes, and pursuant to section 501.059(10)(b) of the FTSA,

Plaintiff and Class members were harmed and are each entitled to $1,500.00 in damages for each violation.

42. Plaintiff, individually and on behalf of the Class, has retained the law firm of Zermay Law, P.A. and Kazerouni Law Group, APC to represent her in this action.

43. Pursuant to section 501.059(11), Florida Statutes, Plaintiff and the Class members also seek an award of attorneys' fees and costs.

## COUNT II
### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

44. Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

45. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

**(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

46. Defendants – or third parties directed by Defendants dialed numbers without to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

47. These calls were made without regard to whether or not Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

48. Defendants have, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

49. Defendants knew that they did not have prior express consent to make these calls especially since Plaintiff told Defendants he was not interested in what Defendant was offering. The violations were therefore willful or knowing.

50. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    a.    An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

    b.    Statutory damages of $500.00 (or $1,500.00 for any willful or knowing violations) for Plaintiff and each member of the Class for each of Defendant's violations of section 501.059, Florida Statutes. § 501.059(10), Fla. Stat.;

    c.    Statutory damages of $500.00 (or $1,500.00 for any willful or knowing violations) for Plaintiff and each member of the Class for each of Defendant's violations of the TCPA;

    d.    An award of reasonable costs and attorneys' fees to counsel for Plaintiff and the Class. § 501.059(11), Fla. Stat.;

    e.    An order declaring that Defendants' actions, as set out above, violate the FTSA;

    f.    An injunction requiring Defendants to cease all telephonic sales calls made without express written consent, and to

otherwise protect the interests of the Class. § 501.059(10), Fla. Stat.;

g. Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

DATED: March 29, 2024			Respectfully Submitted,

**KAZEROUNI LAW GROUP, APC**

/s/Ryan L. McBride
Ryan L. McBride, Esq.
Florida Bar No. 1010101
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: 800-400-6808
Email: ryan@kazlg.com

Zachary Z. Zermay, Esq.
Florida Bar № 1002905
1200 Fourth Street #1102
Key West FL 33040
Email: zach@zermaylaw.com
Telephone: (305) 209-2504

*Attorney for Plaintiff*