UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELENA GERMAIN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                      Case No. 8:23-cv-671-TPB-CPT

MARIO'S AIR CONDITIONING AND
HEATING, INC., et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

This matter is before the Court on "Defendant, SEHS Hvac Mario's LLC's Opposed Motion to Dismiss First Amended Class Action Complaint and Dismiss Class Certification" (Doc. 56), filed on April 25, 2024, and on "Whitfield Management, LLC's Motion to Dismiss for Failure to State a Cause of Action Under Rule 12(b)(6)" (Doc. 58), filed on May 2, 2024. Plaintiff Helena Germain filed responses in opposition. (Docs 59; 61). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

**Background**

This case concerns alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") based on the receipt of two text messages. Plaintiff Helena Germain, an individual residing in Florida, registered her phone number on the National Do Not Call Registry. However, on September 28, 2022, Plaintiff received a text message purportedly on behalf of Mario's

AC, reminding her to consider flipping off the breaker to her air conditioning unit during a hurricane. The message indicated that Mario's was "here for [her]," along with listing a phone number to reach Mario's. On September 30, 2022, Plaintiff received another text message, inquiring as to whether Hurricane Ian damaged her air conditioning, and noting that Mario's AC was running 24/7 emergency service and safety inspections. This message also indicated that Mario's was "here for [her]" and included another phone number where Mario's could be reached.

On February 16, 2023, Plaintiff filed suit in state court against Defendant Mario's Air Conditioning and Heating, Inc. ("Mario's). Mario's removed the case to this Court on March 27, 2023. On March 29, 2024, Plaintiff filed an amended complaint naming Mario's, SEHS Hvac Mario's LLC ("SEHS"), and Whitwild Management, LLC ("WWM") as defendants. However, on April 16, 2024, Plaintiff voluntarily dismissed her claims against Mario's.

On April 25, 2024, SEHS filed a motion to dismiss. (Doc. 56). On May 2, 2024, WWM filed a motion to dismiss. (Doc. 58). Plaintiff opposes both motions, and she has filed a notice of constitutional question in relation to SEHS's motion to dismiss. (Docs. 59; 60; 61).

## Legal Standard

### *Rule 12(b)(1)*

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v.*

*Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

### *Rule 12(b)(6)*

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the

merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Article III Standing and Concrete Injury*

SEHS mounts a facial challenge to the Court's subject matter jurisdiction, arguing that Plaintiff does not sufficiently allege standing. Specifically, SEHS contends that Plaintiff has not adequately alleged a concrete injury caused by her receipt of two text messages.

Article III standing is required to maintain a lawsuit in federal court. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1269 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016)). "The three requirements for Article III standing are familiar: the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual and imminent'; that injury must be 'fairly traceable to the challenge action of the defendant'; and it must be 'likely … that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In the amended complaint, Plaintiff squarely alleges that she was on the national Do Not Call registry, and despite this, she received two unsolicited text messages from Defendants. SEHS's reliance on *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), is misplaced and borders on frivolous. The Eleventh Circuit has held, *en banc*, that consumers who receive a *single* undesired and illegal text message suffer a concrete injury sufficient to establish Article III standing. *Drazen v. Pinto*, 74 F.4th 1336, 1339 (11th Cir. 2023) ("A plaintiff who receives an unwanted, illegal text

message suffers a concrete injury."). Plaintiff received *two* text messages. The motion to dismiss is therefore denied as to this ground.

### *Shotgun Pleading*

Both SEHS and WWM contend that the amended complaint presents a shotgun pleading. Specifically, they argue that by lumping Defendants together, SEHS and WWM are unable to frame responses.[1]

A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

---

[1] SEHS also briefly argues in this section that the text messages at issue are informational messages, not marketing messages. This argument is not properly briefed. Moreover, this argument appears to present a factual issue that would require the Court to consider matters outside of the four corners of the complaint, making it inappropriate for this stage of the proceedings.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Upon review, the Court finds that the amended complaint does not constitute a shotgun pleading. It appears that Plaintiff alleges that Mario's, SEHS, and WWM jointly sent the text messages at issue. The amended complaint gives SEHS and WWM sufficient notice of the claims against them. The motions to dismiss are denied as to this ground.

***Failure to State a Claim Against WWM as Manager***

In its motion, WWM argues that Plaintiff has failed to allege sufficient facts to state any claims against WWM because it fails to allege any relationship between WWM and the other defendants, or any basis for collective liability. WWM also alleges that Plaintiff fails to include sufficient facts that could establish liability against WWM as the manager of SEHS in light of § 605.0304, *F.S.*, which limits the liability of members or managers of limited liability companies.

If Plaintiff is asserting a vicarious liability type theory against WWM based only on its status as SEHS's manager, WWM may ultimately be correct.[2] However,

---

[2] The Eleventh Circuit has held that federal pleading rules to not "require that a theory of vicarious liability be specifically pled in the complaint." *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259-61 (11th Cir. 2015). Rather, "[f]or purposes of a motion to dismiss, the Court must determine whether there is a 'factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts.'" *Hossfeld v. American Financial Security Life Ins. Co.*, 544 F. Supp. 3d 1323, 1332 (S.D. Fla. 2021) (quoting *Snyder v. iCard Gift Card, LLC*, No. 0:15-cv-61718-WPD, 2017 WL 10379592, at *3 (S.D. Fla. May 11, 2017)).

the amended complaint does not appear to seek liability based on WWM's manager status, which is not even referenced – rather, the amended complaint appears to present a direct liability theory against WWM for sending the text messages at issue. This ground is therefore denied without prejudice, but WWM may raise it again at summary judgment, if appropriate.

### *Count I – FTSA Claim (individual claim and class claims)*

In its motion, SEHS argues that because Plaintiff does not allege that she replied "STOP," the amended FTSA bars her individual FTSA claim and the FTSA class action. The Florida Legislature recently amended the FTSA. *See* § 501.059(10)(c), *F.S.* Pursuant to this amendment, "a plaintiff must allege receiving at least one text message from an automated system within fifteen days after the plaintiff affirmatively replies 'STOP' to an unsolicited message." *Holton v. eXp Realty, LLC*, No. 8:23-cv-734-SDM-AEP, 2023 WL 9285131, at *1 (M.D. Fla. Dec. 28, 2023) (Merryday, J.). Importantly, the amended FTSA applies "to any putative class action not certified on or before the effective date of this act," which is May 25, 2023.

Because Plaintiff failed to certify this class action on or before May 25, 2023, the amended FTSA applies to Plaintiff's individual claim and the class action. *See id.* at *1. In her amended complaint, she fails to allege that she replied "STOP" to any unsolicited message and, based on the text message screenshots included in the amended complaint, she cannot do so in good faith. *See id.*; (Doc. 47 at ¶ 16). Plaintiff also fails to allege – and presumably cannot allege – that each member of the proposed class replied "STOP" to an unsolicited text. *See id.* Therefore, Plaintiff's proposed

class fails to meet the pleading requirements of the amended FTSA, and the amended FTSA precludes Plaintiff's individual claim and the class action.

Plaintiff responds by challenging the constitutionality of the FTSA amendment. She contends that the FTSA's amendment that permits some use of auto-dialers warrants strict scrutiny under the First Amendment because the statute "unconstitutionally favors speech based on content" by prioritizing debt collection and newspaper speech. She is incorrect. "Because the FTSA's regulation of 'telephonic sales calls' targets commercial speech only, the statute warrants intermediate scrutiny, not strict scrutiny." *Pariseau v. Built USA, LLC*, 619 F. Supp. 3d 1203, 1209 (M.D. Fla. 2022) (Merryday, J.). Moreover, the FTSA satisfies intermediate scrutiny because it advances Florida's interest in protecting "residential privacy and tranquility" while leaving "open alternative channels for communication." *See id*. Plaintiff's argument that the FTSA is unconstitutionally vague also fails as the terms are sufficiently defined. *See id*.

Consequently, SEHS's motion to dismiss is granted as to Plaintiff's FTSA claim in Count I, which is dismissed without prejudice, without leave to amend. Moreover, Plaintiff's class allegations as they pertain to any FTSA claims are stricken.

*Count II – TCPA Class Allegations and Certification*

SEHS also seeks dismissal of the FTSA and TCPA class allegations and requests that the Court deny certification at this time. The FTSA claim has been dismissed, and the class has been stricken, so the Court will only address the TCPA class allegations and certification.

SEHS raises issues concerning the definition of the TCPA class, the numerosity requirement, and other requirements of Rule 23. Although the arguments may ultimately be well-taken, they appear premature at this time. The Court believes that the issues concerning class certification will be better addressed through the filing of a motion for class certification and opposition. The motion to dismiss is therefore denied without prejudice as to this ground as it pertains to the TCPA class allegations.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant, SEHS Hvac Mario's LLC's Opposed Motion to Dismiss First Amended Class Action Complaint and Dismiss Class Certification" (Doc. 56) and "Whitfield Management, LLC's Motion to Dismiss for Failure to State a Cause of Action Under Rule 12(b)(6)" (Doc. 58) are **GRANTED IN PART** and **DENIED IN PART**.

(2) SEHS's motion is **GRANTED** to the extent that Count I is **DISMISSED WITHOUT PREJUDICE**, without leave to amend. The class allegations pertaining to the FTSA are stricken.

(3) The motions are otherwise **DENIED**, as reflected herein.

(4) SEHS and WWM are **DIRECTED** to file answers on or before July 2, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of June, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE