**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HELENA GERMAIN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                                   Case No. 8:23-cv-671-TPB-CPT

MARIO'S AIR CONDITIONING AND
HEATING, INC., et al.,

    Defendants.
_____/

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on cross motions for summary judgment:

    "Whitwild Management, LLC's Motion for Summary Judgment and Memorandum of Law" (Doc. 74);

    "Defendant SEHS HVAC Mario's LLC's Joinder in Whitwild Management, LLC's Motion for Summary Judgment and Memorandum of Law (Doc. 74), as Applicable to SEHS HVAC Mario's LLC and Supplement to Same" (Doc. 90); and

    "Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 91).

The parties filed responses in opposition (Docs. 89; 97; 99; 101) and replies (Docs. 98; 102; 103; 104). The Court held hearings to address the motions and other matters. (Doc. 77; 106; 113). After reviewing the motions, responses, replies, court file, and the record, the Court finds as follows:

### Background

This case concerns alleged violations of the Telephone Consumer Protection Act ("TCPA") based on the receipt of two text messages. Plaintiff Helena Germain, an

individual residing in Florida, registered her phone number on the National Do Not Call Registry. However, on September 28, 2022, Plaintiff received a text message purportedly on behalf of Mario's AC, reminding her to consider flipping off the breaker to her air conditioning unit during a hurricane. The message indicated that Mario's was "here for [her]," along with listing a phone number to reach Mario's. On September 30, 2022, Plaintiff received another text message, inquiring as to whether Hurricane Ian damaged her air conditioning, and noting that Mario's AC was running 24/7 emergency service and safety inspections. This message also indicated that Mario's was "here for [her]" and included another phone number where Mario's could be reached.

On February 16, 2023, Plaintiff filed suit in state court against Defendant Mario's Air Conditioning and Heating, Inc. Mario's removed the case to this Court on March 27, 2023. On March 29, 2024, Plaintiff filed an amended complaint naming Mario's, SEHS Hvac Mario's LLC ("SEHS"), and Whitwild Management, LLC ("WWM") as defendants. However, on April 16, 2024, Plaintiff voluntarily dismissed her claims against Mario's. (Docs. 53; 54). On June 16, 2024, the Court dismissed Plaintiff's Florida Telephone Solicitation Act claim in Count I and struck the class allegations. (Doc. 63). The Court, however, found that the amended complaint could proceed on Plaintiff's TCPA claim.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary

judgment is only defeated by the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id*. "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

### *Telephone Solicitations*

Defendants argue that Plaintiff is unable to establish that she and the purported class members received more than one telephone solicitation within a 12 month period as a matter of law. Plaintiff argues that the evidence conclusively shows that Defendants sent more than one unsolicited text message to Plaintiff and the putative class members within a 12 month period.

The TCPA prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber" included on the do not call registry. 47 U.S.C. § 227(c). It also confers a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14). When determining whether a message is a solicitation, a court must look at its context and underlying purpose. *See Lawson v. Visionworks of America, Inc.*, 741 F. Supp. 3d 1251, 1254 (M.D. Fla. 2024); *Suescum v. Fam. First Life, LLC,* No. 6:21-cv-1769, 2023 WL 311144, at *2 (M.D. Fla. Jan. 19, 2023).

In this case, the parties dispute whether the first text message sent on September 28, 2022, constitutes a telephone solicitation that would establish a TCPA violation.[1]  The text message reads:

> **Mario's AC is reminding you to consider flipping off the breaker to your AC unit during a hurricane.  We are here for you.  727-306-0182 STOP to end.**

It appears that the issue of whether a text message constitutes a solicitation presents a question of law.  See *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (citing *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221 (6th Cir. 2015)).  But even if it presented a factual issue, summary judgment would be appropriate if no reasonable jury could find that the message either was a solicitation or was not a solicitation.  *BPP v. CaremarkPCS Health, L.L.C.*, 53 F.4th 1109, 1114 (8th Cir. 2022).

Upon consideration of the text message, the Court finds that the text message at issue is a telephone solicitation that is actionable under the TCPA.  Messages may have more than one purpose – even if a message is informational, it may also constitute telemarketing "where it ultimately leads to the promotion of goods or services, even if the text may be otherwise benign."  *See Suescum*, 2023 WL 311144, at *2 (quoting *Mittelmark v. Yoga Joint So., LLC*, No. 18-62138-CIV, 2018 WL 11460013, at *3 (S.D. Fla. Dec. 7, 2018)).  Contrary to Defendants' assertions, the text message is not purely informational and does not "merely provide[] safety information and advice

---

[1] The parties do not dispute that the second text message is a solicitation: "Did Hurricane Ian damage your AC? Mario's AC is running 24/7 emergency service and safety inspections We're here for you! Call 727-591-0822 STOP to end."

to the plaintiff." Had the message stopped after the first sentence, perhaps that would be the case. But the inclusion of "We are here for you," *along with a telephone number*, serves as a pretext to commercial activity and encourages the ultimate purchase or sale of services by Mario's AC, making the text message undisputably a solicitation. What was sent was not simply information – it was information with a "commercial nexus" to the sender's "business." *See Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 80 F.4th 466, 473 (4th Cir. 2023) (quoting *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms.*, Inc., 847 F.3d 92, 96 (2d Cir. 2017)).

The cases cited by Defendants are all factually and legally distinguishable. Consequently, the record evidence conclusively establishes that Plaintiff received more than one telephone solicitation within a year. Plaintiff's motion for summary judgment is granted as to this ground, and Defendants' motions are denied.

Although the Court finds, as a matter of law, that the texts constitute solicitations that are actionable under the TCPA, Plaintiff has failed to conclusively establish which Defendant(s) sent these messages. As to Plaintiff's request for summary judgment on the issue of whether Defendants sent the text messages without prior consent, because Defendants did not address this issue in their responses in opposition, the Court will grant summary judgment in favor of Plaintiff.[2]

---

[2] Express consent is an affirmative defense for which the defendant bears the burden of proof in a TCPA case. The depositions cited by Plaintiff reflect that employees and officers of Defendants could not recall and were not aware of any prior express consent obtained to send the text messages. Because there is an absence of evidence to support the affirmative defense, Plaintiff is entitled to summary judgment on this issue.

*Direct and Vicarious Liability*

Both WWM and SEHS argue that they are neither directly nor vicariously liable for the text messages because they did not initiate the text messages at issue. The text messages were undisputably sent, but each entity points to someone else as the culprit. As the Court explained at the hearing, the corporate structures and relationships between the parties are factually convoluted. The conflicting facts and related inferences require resolution by a jury. The motion for summary judgment is denied as to this ground.

*Automatic Telephone Dialing System*

SEHS argues that Plaintiff cannot prove the text messages were sent with an automatic telephone dialing system without human intervention. But Plaintiff is not basing its case on the portion of the TCPA that requires proof of an automatic telephone dialing system. SEHS concedes that it included the argument in an abundance of caution, and that if Plaintiff is "merely traveling under § 227(c)(5), then whether or not the platform utilized an ATDS is of no consequence." As such, the motion is denied as to this ground.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Whitwild Management, LLC's Motion for Summary Judgment and Memorandum of Law" (Doc. 74) and "Defendant SEHS HVAC Mario's LLC's Joinder in Whitwild Management, LLC's Motion for Summary Judgment and Memorandum of Law (Doc. 74), as Applicable to SEHS HVAC Mario's LLC and Supplement to Same" (Doc. 90) are **DENIED**, as set forth herein.

2) "Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law" (Doc. 91) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u> day of August, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE